Herbert, J.
The Probate Court stated the question as follows:
“The sole question presented to the court is whether a trust company, having fully complied with the provisions of Section 1107.14, Bevised Code, is nevertheless required, by reason of Sections 2109.04 and 2109.05, Bevised Code, to post a bond while acting as testamentary trustee where the will creating the trust is silent as to the necessity of a bond.”
As we see it, other sections of the Bevised Code must also be considered in ascertaining the legislative intent with regard to this apparent conflict.
The pertinent portions of Section 2109.04, Bevised Code, relating to fiduciaries are as follows:
“Every fiduciary shall, prior to the issuance of his letters as provided by Section 2109.02 of the Bevised Code, file in the Probate Court in which the letters are to be issued a bond with a penal sum in such amount as may be fixed by the court, but in no event less than double the probable value of the personal estate and of the annual real estate rentals which' will come into such person’s hands as a fiduciary. * * * Such bond shall be in a form approved bf the court and signed by two or more personal sureties or by one or more corporate sureties approved by the court and shall be conditioned that the fiduciary will faithfully and honestly discharge the duties devolving upon him as such fiduciary, and shall be conditioned further as may be provided by law; provided that if the instrument creating *338 the trust dispenses with the giving of a bond the court shall appoint a fiduciary without bond, unless the court is of the opinion that the interest of the trust demands it, in which event the court may require bond to be given in such amount as may he fixed by the court.
< Í * *
“When letters are granted without bond, at any later period on its own motion or upon the application of any party interested, the court may require bond to be given in such amount as may be fixed by the court. On failure to give such bond the defaulting fiduciary shall be removed.
“No instrument authorizing a fiduciary therein named to serve without bond shall relieve a successor fiduciary from the necessity of giving bond, unless the instrument clearly evidences such intention.
“The court by which a fiduciary is appointed may reduce the amount of the bond of such fiduciary at any time for good cause shown. * 0 *” (The emphasis in the foregoing and following quoted sections is added by the writer.)
Section 1107.14, Revised Code (being a part of Chapter 1107: Trust Companies), exempts trust companies from filing bonds under certain conditions. This section, under which appellant here claims exemption from bond requirements, is as follows:
“The capital stock of a trust company, with the liabilities of the stockholders existing under the terms of such stock, and the fund deposited with the Treasurer of State under Section 1107.03 of the Revised Code, or with a trustee under Section 1107.04 of the Revised Code, shall be held as security for the faithful discharge of the duties undertaken by such trust company in respect to any trust. No bond or other security shall be required from any such trust company in respect to any trust, or when such trust company is appointed executor, administrator, guardian, trustee, receiver, assignee, or depositary, except that the court or officer making such appointment may, upon proper application, require any trust company so appointed to give security for the faithful performance of its duties. * * *”
*339 These sections taken alone appear to be directly in conflict since Section 2109.04, Revised Code, requires that “every fiduciary shall prior to the issuance of his letters * * * file * * * a bond * * * in such amount as may be fixed by the court but in no event less than double the probable value of the personal estate and of the annual real estate rentals,” while Section 1107.14, Revised Code, provides that “no bond * * * shall be required from any such trust company in respect to any trust, or when such trust company is appointed * * * trustee * * * except that the court * * * may, upon proper application, require any trust company so appointed to give security for the faithful performance of its duties.”
Section 2109.05, Revised Code, provides in part:
“When deemed necessary by the Probate Court and not otherwise directed in the will, a bond, as provided by Sections 2109.01 to 2109.58, inclusive, of the Revised Code, shall be required in all trusts created by will and not fully discharged, on the petition of an interested person and after notice to the trustee.”
The quoted portion of this, section replaced the provision of Section 10506-19, General Code, which was enacted as a part of the then new Probate Code in 1931, with the caption, “Trusts Heretofore Created by Will.” The original section was apparently intended to reach and cover trusts then in existence and was never amended until the revision of 1953. At that time it was re-enacted in substantially the same language.
Although the trial court considered and quoted this section in its opinion, it would appear to the writer to be superfluous in view of the discretionary power vested in the Probate Court by the provisions of Section 2109.04, and it is not considered further here, particularly as it seems to have fully served the purpose for which it was originally enacted in 1931.
Section 2109.01, Revised Code, so far as pertinent, defines a fiduciary as follows:
“ ‘Fiduciary’ as used in Chapters 2101 to 2131, inclusive, of the Revised Code, means any * * * corporation * * * appointed by and accountable to the Probate Court and acting in a fiduciary capacity for any person * * * or charged with duties *340 in relation to any property, interest, trust, or estate for the benefit of another.”
A trust company is not defined in the definition section of Chapter 1107: Trust Companies, but in Section 1101.01, Revised Code, defining “bank,” it is stated that, “as used in Chapters 1101,1103,1105,1107,1109,1111,1113, and 1115 of the Revised Code, (A) ‘bank’ includes * * # any * * * corporation soliciting, receiving, or accepting money or its equivalent on deposit as a business * * * and also includes * * * trust companies.”
In Section 1103.10, Revised Code, the minimum “capital of a corporation transacting a trust business” is fixed, but it would appear as indicated here that there is no specific definition of a trust company in any of the chapters enumerated at the beginning of Section 1101.01, Revised Code.
The absence of a statutory definition, however, is not of great import inasmuch as there is not much doubt about the common understanding of the phrase, “trust company.” It is certainly of interest, however, that the apparent conflict between Sections 1107.14 and 2109.04 has never before reached this court, so that a rather extensive history of the two sections which the Probate Court found conflicting, and also other related sections, is indicated.
As early as 1831 (29 Ohio Laws, 242, 247), testamentary trustees were required to furnish bond “as shall be approved by the court” before entering into the performance of their duties.
In 1865, provision was made requiring every testamentary trustee “before entering upon the discharge of his duty * * * [to] execute a bond with freehold sureties * * * to the satisfaction of * * * [the] court * * * provided, that when * * * the testator shall express a wish that his trustee may execute the trust without giving bond, the court admitting the will to probate, may, at their discretion, grant permission to the trustee to execute the trust with or without bond, as may seem expedient; and when granted without bond, may, at any subsequent period, upon the application of any party interested, require bond to be given * * 62 Ohio Laws, 61.
*341 In 1882, the Legislature enacted Section 3821 (b), Revised Statutes, in which it was specifically provided that a safe deposit and trust company could be appointed trustee under any will creating a trust “under the same circumstances, in the same' manner, and subject to the same control by the court having ' jurisdiction of the same, as in the case of a legally qualified person. The capital stock of said company, with the liabilities of the stockholders existing thereunder, shall be held as security for the faithful discharge of the duties undertaken by virtue of this act, and surety shall be required upon the bonds filed by such company the same as in other cases.” 79 Ohio Laws, 101, 102.
In 1891, Section 3821 cl, Revised Statutes, was enacted (88 Ohio Laws, 407), requiring that the capital and property of safe deposit and trust companies together with the statutory liability of the stockholders be liable in case of default and providing further that “such companies shall not be required to give in any trust capacity, any other bond * * *. The probate judge may at any time he deems proper require additional security in any amount he may think necessary.” This was the original predecessor of the bond-exemption provision as it now appears in Section 1107.14, Revised Code.
This statute also provided the requirement of deposit by any such company with the Treasurer of State of $100,000 in cash or securities, and the amount fixed at that time has never been increased. See Section 1107.03, Revised Code. In 1892, this section was re-enacted with minor amendments but in substantially the same form (see 89 Ohio Laws, 370), while at the same time the same general provisions as to testamentary trustees, established in 1865 (62 Ohio Laws, 61), were substantially re-enacted (89 Ohio Laws, 247), including the revisions of Section 5981, Revised Statutes, passed in 1880. These acts relating to testamentary trustees were predecessors of what is now Section 2109.04, Revised Code.
Although there were amendments of the foregoing statutes in the period between 1892 and 1910, none of them substantially changed the provisions pertinent to the issue here.
Coming to the recodification of 1910, Sections 9777, 9829 *342 and 10591, General Code, were enacted, the first two providing requirements as to trust companies and the third relating to testamentary trustees.
In 1919, original Section 710-161, General Code, was passed as a part of the banking act, which section incorporated substantially the provisions of previous Sections 9777 and 9829, General Code. This section exempting qualifying trust companies from the furnishing of bonds (which became Section 1107.14, Revised Code, in 1953) has remained practically unchanged in language.
In 1931, the Legislature enacted what is known as the Probate Code, at which time Section 10591, General Code, was repealed and its provisions were merged into Section 10506-4, General Code, which at that time read as follows:
“Unless otherwise provided by law, or by the instrument ' creating the trust, every fiduciary shall, prior to the issuance of his letters file in the Probate Court in which the letters are to be issued, a bond with penal sum in such amount as may be fixed by the court, but in no event less than double the probable value of the personal estate, and of the annual real estate rentals which will come into his hands as such fiduciary * * *.” 114 Ohio Laws, 320, 365.
During the period of all these various enactments as set forth above, 1931 marks the first time that the phrase, “unless otherwise provided by law,” was written into what then became Section 10506-4, General Code. It also marks the first time that minimum bond in double the amount of the personalty was required. In 1935, sweeping amendments were made in the Probate Code, most of which do not affect the present case. One of the amendments, however, deleted this phrase and also the language immediately following it, “or by the instrument creating the trust.” In substitution for this last-quoted phrase the proviso was added to the section, “that if the instrument creating the trust dispenses with the giving of a bond, the court shall appoint a fiduciary without bond unless the court is of the opinion that the interest of the trust demands it, in which event the court may require bond to be given in such amount as may be fixed by the court. When letters are granted without bond, *343 at any later period on its own motion or upon the application of any party interested, the court may require bond to be given in such, amount as may be fixed by the court and on default in giving it the fiduciary so defaulting shall be removed. ’ ’
Thus, it would appear that in the four-year interval, 1931 to 1935, the Probate Court had no discretionary power under this section to require bond of a corporate trustee (except as authorized by Section 710-161, General Code), and none whatever where the instrument creating the trust provided that no bond be required. Whether or not the court during that interval had the power under Section 10506-17, General Code (enacted in 1931), to require bond where the instrument provided that bond not be required is not now of concern in view of the proviso added in 1935, quoted above, as by that proviso power was revested in the court to require bond within its discretion even though contrary to the expressed will of the testator. Section 10506-17 was repealed at the time of enactment of the above proviso.
It should also be kept in mind that Section 10506-13, enacted in 1931, which provided that “the court by which a fiduciary is appointed may reduce the amount of the bond of such fiduciary at any time for good cause shown,” was unchanged until 1953 when it was repealed after being incorporated verbatim in Section 2109.04, Revised Code, which replaced Section 10506-4, General Code, as it was amended in 1935.
Turning for the moment to another phase of the law, Sections 10618-1, 10618-2 and 10618-3, General Code, were enacted in 1923 (110 Ohio Laws, 403). The first of these sections provided that where bond is required from an executor, administrator or trustee and “the value of the estate or fund is so great that the Probate Court deems it inexpedient to require security in the full amount prescribed by law, the said Probate Court may direct that any * * * securities belonging to the estate or fund be deposited with a *' * * bank, or trust company * * * qualified to do a trust business in this state, as may be designated by the order of the Probate Court.”
The second section provided that, following the deposit of such securities, a receipt executed by tbe bank be filed with the *344 court acknowledging that such securities were held by the bank subject to the order of the court. The court could then within its discretion fix the amount of bond “with respect to the value of the remainder only of the estate or fund.”
The third section provided that such deposits could not be withdrawn in whole or part without special order of the court, which order could not be made until the “penalty of the bond or bonds theretofore given and then in force will be sufficient in amount to satisfy the provisions of law relating to the penalty thereof if the property so withdrawn is also reckoned in the estate or fund.”
It will be noted that these sections went into effect eight years before the first statutory requirement of a bond in “double the probable value of the personal estate and of the annual real estate rentals.”
At the time of the enactment of the Probate Code in 1931, these three sections were substantially re-enacted as Sections 10506-23, 10506-24 and 10506-25, respectively, General Code, at which time the word, “fiduciary,” was substituted for the words, “executor, administrator, guardian or trustee.” (See Section 10506-1, General Code.) 114 Ohio Laws, 320, 368.
It is of interest to note, therefore, the legislative effort to alleviate the situation relative to bond requirements.
Thus we have the situation where in 1931 the General Assembly in the same act provided in Section 10506-4, General Code, that the initial bond be fixed “in no event less than double the probable value of the personal estate,” and at the same time provided in Section 10506-13 that the court could reduce the amount of the bond “at any time for good cause shown.” We can find no legislative clarification of the phrase, “for good cause,” but it would appear clear that the legislative intent again was to vest full discretionary power in the Probate Court in matters dealing with bonds of testamentary trustees.
When the language, “unless otherwise provided by law, or by the instrument creating the trust,” was deleted from Section 10506-4 in 1935, Section 10506-13 was left untouched, and the provisions of Section 10506-17 repealed at that time were re-enacted in substantially the same form as the proviso then added at the end of Section 10506-4.
*345 Turning to another facet of the law regarding a corporate fiduciary, Section 10506-45, General Code, was enacted in the 1931 act (114 Ohio Laws, 320, 374), requiring a fiduciary to deposit all funds received by it as such with a bank or building and loan association. The last sentence of this section provided that “a corporate fiduciary authorized by law to receive deposits of fiduciaries, shall have authority to be the depository of funds held by it as such fiduciary.” This section was amended in 1935 (116 Ohio Laws, 385, 391) in minor aspects not pertinent here. In 1941 (119 Ohio Laws, 394, 403), the following sentence was added to Section 10506-45, General Code: “The placing of such funds in such depositary or depositaries under the joint control of the fiduciary and a surety on the bond of the fiduciary shall not in and of itself increase the liability of the fiduciary.” This section is in substance in the same language as is present Section 2109.41, Revised Code.
Ever since 1931, therefore, a corporate fiduciary has been authorized by statute to deposit with itself as a depositary funds received by it in its fiduciary capacity without increasing its bond requirements.
In 1933, Section 710-165, General Code, was amended (115 Ohio Laws, 286, 287) so as to provide that in the event of insolvency, closing or suspension of any trust company or bank, claims for any trust moneys held by it pending distribution or investment were to be preferred claims and the property and assets of the closed bank or trust company were to be impressed with a trust for the payment thereof. That provision is now found substantially in the same form in Section 1107.12, Revised Code.
In passing, it may be noted that this statutory protection of trust moneys on deposit was followed in 1936 by a lessening of the security provided in Section 710-161, General Code, with the adoption of a constitutional amendment striking the requirement of so-called double liability of bank stockholders. Section 3, Article XIII, Constitution.
We come then to the situation which confronts us in this case. It is important to note at this point that the appellant assumed its fiduciary status as of November 1949, when letters were issued to it as trustee by the Probate Court. This action *346 was not commenced until six years later. The record does not disclose the size of the trust estate left by the testatrix here, either in toto or in detail, as to personalty and annual rentals of real estate involved, although the Court of Appeals states in its opinion that “the trustee, when appointed, was required to give bond in conformity with Section 2109.04, Revised Code, to which no objection was interposed.” It is not clear to this court, therefore, whether at the time of issuance of letters to appellant in 1949 it gave bond in an amount not less than double the personal estate and the annual real estate rentals. We proceed on the assumption nevertheless that the bond given at that time was in conformity with then Section 10506-4, General Code, now Section 2109.04, Revised Code, as stated in the opinion of the Court of Appeals.
The only question presented to the Probate Court, therefore, was whether or not one particular bond in the amount of $28,000 should or must be renewed. That court, because of its finding of irreconcilable conflict, held that it was without any discretionary power to reduce bond and ordered the particular bond under consideration to be renewed.
On the other hand, the Court of Appeals in its per curiam opinion stated:
“If it be assumed that Section 1107.14, Revised Code, is an effective statute the exception found in it authorized the order made requiring the continuation of the bond. The demand made upon plaintiff by the defendants not to renew the bond of the trustee until a determination had been made whether such bond was necessary, having been brought to the attention of the Probate Court, may properly have been considered as an application under Section 1107.14, Revised Code, requiring the court to determine if the bond theretofore given should be continued. It appears from the judgment entry that the court had this request of the defendants before it and also considered in making its order (3)* that the plaintiff was acting as fidu *347 eiary in other estates, trusts, and guardianships in that court, the assets of which are in excess of $115,000. Facts were brought to the attention of the court which would support his action in requiring the bond under the exception in Section 1107.14, Revised Code.
Í6 * # *
“We are of opinion that the order in this case to which the appeal is directed must be affirmed if the contention of the appellant as to the application of Section 1107.14, Revised Code, is conceded.”
With this view we agree.
That court, however, went on in both its journal entry and opinion to express its views regarding the holding of the Probate Court as to the issue of repeal by implication and affirmed the lower court on that point as well, although in its opinion it questioned the necessity of basing its ground of affirmance thereon.
The question of conflict between the two sections, 2109.04 and 1107.14, does not actually appear clear cut at this stage of the execution of this particular trust. The provision of Section 2109.04, requiring bond in double the amount of the personal estate, relates only to the original time of the issuance of letters of appointment to the fiduciary.
Further examination of earlier laws shows that in 1887 the Legislature provided in Section 6327-2, Revised Statutes (84 Ohio Laws, 232), for the appointment by courts of record of trustees to receive, hold and manage funds belonging to unknowns or nonresident parties and fixed bond in such cases “in a sum one and one-half times the amount to be received” by such trustees. This bond requirement remained in effect unchanged until 1931 when it was merged into Section 10506-4, General Code, in the Probate Code then adopted, at which time it was increased to double the amount of the. personalty and broadened to include all classes of fiduciaries. It is of interest to note that as to executors, administrators and testamentary trustees, the statutes contained no minimum requirement for bond prior to 1931.
To summarize, therefore, the statutory exemption of trust *348 companies from bond requirements has never been removed since its original enactment in 1891. There was no statutory requirement of bond for testamentary trustees in double the amount of the personalty in the estate until 1931, at which time this requirement was made applicable to all fiduciaries and then only as a preliminary requirement for the issuance of letters of appointment by the court. Since 1931 (Section 10506-13, General Code), the Probate Court has been vested with full discretion to reduce bond at any time other than that of original appointment. It has also had full discretionary power to increase bond.
The requirement of double bond, so to speak, at the outset of the new fiduciary status is understandable as to executors and administrators because at the time of issuing letters of appointment to them as such, complete and detailed inventories may be lacking. Such difficulty is overcome by the time of appointment of a testamentary trustee. Section 2109.04, however, is general in its application to all fiduciaries, which accounts perhaps for the discretionary power vested in the court as to any time other than the time of appointment.
It is important nevertheless, even after these summations and observations, to ascertain if possible the legislative intent of the 1935 amendment striking the words, “unless otherwise provided by law.” We find nothing in the legislative records for that period indicating the purpose in deleting this phrase. However, in the Report of the Ohio State Bar Association Special Committee on Revision of Ohio Probate Laws, 7 Ohio Bar, 7, issue of June 24, 1934, there is the following statement:
“Developments in the liquidation of some trust companies indicate that they should have been required to give separate bonds in every case; hence the striking out of the words ‘unless otherwise provided by law.’ In many cases a bond is very necessary to the protection of the trust regardless of the fact that the testator has excused it. The court should have power to require a bond under any possible circumstances where good judgment requires it.”
The foregoing statement issued by these sponsors for the proposed amendment is not persuasive in the light of this exhaustive review of all the foregoing statutory provisions with *349 respect not only to testamentary trustees and trust companies but also to security of trust estates and trust funds in banks.
We, therefore, come to the conclusions stated in the syllabus.
It may appear that, as a result of these conclusions, a financial burden is legislatively imposed upon a testamentary trust estate by the requiring of bond prior to the issuance of letters to a testamentary trustee in an amount not less than double the probable value of the personal estate and of the real estate rentals, and also that this burden can be removed immediately thereafter by the Probate Court within its discretion under the provisions of both Sections 1107.14 and 2109.04, Revised Code, but we cannot escape this interpretation.
Certainly it has not been made legislatively clear that the initial bond required of a testamentary trustee can be waived as to a trust company. The amendment of 1935, striking the language, “unless otherwise provided by law,” is a nullity unless we hold as we do. As to any time after the issuance of letters of appointment, there should be little' doubt that the Probate Court has full discretion. Any further clarification of this problem should come from the General Assembly.
Accordingly, for the reasons stated above, the judgment of the Court of Appeals is hereby affirmed.

Judgment affirmed.

Matthias, Bell and Peck, JJ., concur.
Zimmerman, J., concurs in the judgment.

Finding (3) of Probate Court: “The plaintiff is acting as fiduciary in other estates, trusts, and guardianships in this court, the assets of which are in excess of one hundred fifteen thousand dollars ($115,000), the court having taken judicial notice of this fact.”